John Du Wors, State Bar No. 233913
duwors@newmanlaw.com
Leeor Neta, State Bar No. 233454
leeor@newmanlaw.com
NEWMAN DU WORS LLP
1201 Third Avenue, Suite 1600
Seattle, WA 98101
Telephone:    (206) 274-2800
Facsimile:    (206) 274-2801

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZAK HURICKS, an individual, and TRISTA ROBINSON, an individual, by themselves and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SHOPKICK, INC., a Delaware corporation,<br><br>Defendant. | No. 14-2464<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>**CLASS ACTION**<br><br>**DEMAND FOR JURY TRIAL** |

**TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................1

II. JURISDICTION AND VENUE .........................................................................1

III. INTRADISTRICT ASSIGNMENT ................................................................ 2

IV. PARTIES ........................................................................................................ 2

V. FACTS ............................................................................................................. 2

    A. Shopkick's Mobile Application ................................................................ 2

    B. Plaintiffs Received Text Messages Sent by Shopkick's App ........................ 3

VI. CLASS ACTION ALLEGATIONS ............................................................... 5

VII. FIRST CAUSE OF ACTION  (NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 et Seq.) ......................................................................................................... 9

VIII. SECOND CAUSE OF ACTION (KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 et Seq.) ...................................................................... 9

IX. THIRD CAUSE OF ACTION (CAL. BUS. & PROF. CODE § 17200 et Seq.) ................................................................................................................. 9

X. PRAYER FOR RELIEF ....................................................................................10

    A. FIRST CAUSE OF ACTION  FOR NEGLIGENT VIOLATIONS OF THE TCPA, 47 U.S.C. § 227 et Seq. ......................................................... 10

    B. SECOND CAUSE OF ACTION  FOR KNOWING/WILLFUL VIOLATIONS OF THE TCPA, 47 U.S.C. § 227 et Seq. ...................................11

    C. THIRD CAUSE OF ACTION  FOR VIOLATIONS OF CAL. BUS. & PROF. CODE § 17200 et Seq. ......................................................................11

## I. INTRODUCTION

1. Plaintiffs Zak Huricks and Trista Robinson bring this complaint individually and on behalf of a class of similarly-situated individuals against Defendant Shopkick, Inc. for negligently, knowingly and willfully contacting Plaintiffs via cellular telephone in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. (the "TCPA") and for violation of Business and Professions Code § 17200 et seq. Plaintiffs allege as follows upon personal knowledge as to themselves and their own acts and experiences, and as to all other matters, upon information and belief.

2. The TCPA was designed to prevent calls and messages like the ones described within this complaint, and to protect the privacy of citizens like Plaintiffs. "Voluminous consumer complaints about abuses of telephone technology—for example, computerized calls dispatched to private homes—prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

3. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer." Telephone Consumer Protection Act of 1991, Pub. L. No. 102–243, § 2(11). 105 Stat. 2394, 2394 (1991). Toward this end, Congress found that "[b]anning such automated or prerecorded telephone calls to the home… is the only effective means of protecting telephone consumers from this nuisance and privacy invasion." *Id.* at § 2(12).

4. Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call…." *Id.* at §2(13).

## II. JURISDICTION AND VENUE

5. This Court has federal jurisdiction over the subject matter because this case arises out of violations of federal law.

6. Personal jurisdiction over Defendant Shopkick is proper in this Court.

CLASS ACTION COMPLAINT - 1     NEWMAN DU WORS LLP     1201 Third Ave., Suite 1610
Seattle, Washington 98101
(206) 274-2800

Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and/or (c) for the following reasons: a) Defendant Shopkick headquarters and principal place of business is in Redwood City, California; and b) on information and belief that a substantial part of the events or omissions giving rise to the claims occurred in the district.

### III. INTRADISTRICT ASSIGNMENT

7. Assignment to the San Francisco/Oakland district is proper because a substantial part of the events or omissions which give rise to the claim occurred or in which a substantial part of the property that is the subject of the action is situated in San Mateo County.

### IV. PARTIES

8. Plaintiff Zak Huricks is a United States resident and a "person" as defined by 47 U.S.C. § 153(39).

9. Plaintiff Trista Robinson is a United States resident and a "person" as defined by 47 U.S.C. § 153(39).

10. Defendant Shopkick is a Delaware corporation with its headquarters and principal place of business at 999 Main Street, Redwood City, California 94063. Plaintiffs allege that, at all times relevant herein, Defendant Shopkick conducted business in the State of California and in the County of San Mateo, and within this judicial district. At all times relevant, Shopkick is a "person" as defined by 27 U.S.C. § 153(39).

### V. FACTS

**A. Shopkick's Mobile Application**

11. Shopkick operates a shopping application for Apple and Android devices that helps customers discover products convenient to the customers' location (the "App"). For example, the App shows customers popular products and rewards at stores like Target, Macy's, and Crate & Barrel. The App then rewards the customer with points, or "kicks", for going to the store, scanning items, and making purchases. Customers can then redeem their points for gift cards at participating retailers. The App has nearly 7 million users.

12. When a user downloads the App, she is offered the option of linking the App with her Facebook account or Google account.

13. If the user links the App to Facebook, the App then requests permission to "access your basic profile info, list of friends, likes and News Feed as well as your friends' likes on your behalf."

14. Similarly, if the user links the App to her Google account, the App requests permission to access the user's profile information, notify individuals in her circle that she's using the App, view her email address, and manage her contacts.

15. Once the user enters her Facebook or Google login information into the App, the App offers the user the opportunity to earn kicks: "BETTER with FRIENDS. Get started with 2,000 kicks when just three friends join. That's like getting **$8** gift card! The best part? You keep getting **2,000 kicks for every additional three friends** that join." If the user is interested in this incentive but has not linked the App with Facebook or Google, the App requires the user to link the App with Facebook or Google, or allow the App access to her phone's contacts.

16. If the user pursues the 2,000 kicks, the App will sent a text message (the "Text Message") to the user's contacts that says "Hey, just gave you 50 bonus points on shopkick – a cool new app that rewards you for shopping. Check it out." The Text Message also provides a link to Shopkick's website. The App directs the user's device to send the Text Message so that the Text Message appears to be from the App user—and not from Shopkick.

17. The App user can decides at any point to pursue the 2,000 kick reward offer, and the App will send the Text Message to stored telephone numbers.

**B.     Plaintiffs Received Text Messages Sent by Shopkick's App**

18. On or about May 1, 2014, Plaintiffs Huricks and Robinson each received a Text Message, which stated "Hey, just gave you 50 bonus points on shopkick – a cool new app that rewards you for shopping. Check it out." The Text Messages also provided a link to Shopkick's website.

1    19.    The App directed a user's Apple or Android device to transmit the Text Messages to Plaintiffs.

2    20.    Shopkick used the App to send the Text Message using an automatic telephone dialing system (ATDS) as defined by 47 U.S.C. § 277(a)(1) or an artificial or prerecorded message to contact numbers assigned to paging services, cellular telephone services, specialized mobile radio services, and/or other radio common carrier services, and/or services for which the called party is charged for the call.

21.    Shopkick used its ATDS in order to contact Plaintiffs on their cellular telephones on at least one occasion, May 1, 2014.

22.    Shopkick's ATDS used by Shopkick to contact Plaintiffs had the capacity to store or produce telephone numbers to be contacted using a random or sequential number generator.

23.    Shopkick's ATDS has the capacity to generate numbers and dial them without human intervention.

24.    Plaintiff Huricks's telephone number ending in 6298 was assigned to a cellular telephone service.

25.    Plaintiff Robinson's telephone number ending in 9907 was assigned to a cellular telephone service.

26.    Shopkick used the App to initiate a text message to a residential telephone line using an artificial or prerecorded message to deliver a message without the prior express consent of Plaintiffs.

27.    The Text Messages sent to Plaintiffs constitute telephone communications that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

28.    The Text Messages sent to Plaintiffs constitute telephone solicitations as defined by 47 U.S.C. § 227(a)(4).

29.    At no time did Plaintiffs ever enter into a business relationship with Shopkick.

30.    Plaintiffs did not provide their cellular telephone numbers to Shopkick

directly or through any medium at any time.

31. Plaintiffs did not consent to receive text messages or another other calls from Shopkick directly or through any medium at any time.

## VI. CLASS ACTION ALLEGATIONS

32. Plaintiffs bring this suit as a class action pursuant to Federal Rule of Civil Procedure 23(a), (b)(1), (b)(2), (b)(3) and/or (c)(4), on behalf of themselves and the following Classes comprised of:

    a. All persons who received an unsolicited telephonic communication to their cellular telephones as a result of Defendant's actions without receiving prior consent (the "National Class"); or

    b. All persons who reside in California and who received an unsolicited telephonic communication to their cellular telephones as a result of Defendant's actions without receiving prior consent (the "California Class").

33. Excluded from both the National Class and the California Class (collectively, the "Classes") are: (a) Shopkick and any entity in which Shopkick has a controlling interest or which has a controlling interest in Shopkick; (b) Shopkick's employees, agents, predecessors, successors or assigns; (c) Plaintiffs' attorneys and any member of Plaintiffs' attorneys' immediate family; (d) the judge and staff to whom this case is assigned, and any member of the judge's immediate family; (e) all persons who make a timely election to be excluded from the proposed Class; and (f) governmental entities.

34. Plaintiff reserves the right to modify the definitions of the Classes prior to moving for class certification.

35. This action has been brought on behalf of the Classes and may be properly maintained as a class action pursuant to CR 23 for the following reasons:

    a. The Classes are ascertainable and there is a well-defined community of interest among the members of the National Class and the

California Class because all members received a text message sent by Shopkick through the App without giving prior consent.

b. On information and belief, there are a minimum of 100 members of the National Class residing in each state within the United States. On information and belief, there are a minimum of 100 members of the California Class residing in each county within the state of California. Membership in both the Classes is so numerous and geographically dispersed as to make it impractical to bring all members of the Classes before the Court because the identity and exact number of members of the Classes are currently unknown but estimated to be well in excess of 5,000.

c. Plaintiffs' claims are typical of those of other members of the Classes, all of whom have suffered harm due to Shopkick's course of conduct as alleged herein.

d. Plaintiffs are members of the Classes because they both received a text message sent by Shopkick through the App without giving prior consent.

e. There are numerous and substantial questions of law and fact common to all members of the Classes that control this litigation and predominate over any individual questions pursuant to FRCP 23(b)(3). The common issues include, but are not limited to, the following:

    i. Whether, within the four years prior to the filing of this Complaint, Shopkick or its agents initiated any telephonic communications (other than a message made for emergency purposes or made with the prior express consent of the called party) to a National Class and California Class member using any automatic dialing and/or pre-recorded

        voice to any telephone number assigned to a cellular phone service;

    ii.    Whether Plaintiffs and the National Class and California Class members were damaged thereby, and to the extent of damages for such violation; and

    iii.    Whether Shopkick and its agents should be enjoined from engaging in such conduct in the future.

f.    These and other questions of law and fact are common to the members of the Classes and predominate over any individual questions affecting the Classes.

g.    Plaintiffs will fairly and adequately protect the interests of the Classes in that Plaintiffs have no interests that are antagonistic to other members of the Classes and have retained counsel competent in the prosecution of class actions to represent them and the Classes.

h.    Without a class action lawsuit, the Classes' members will continue to suffer damage, Shopkick's violations of the law or laws will continue without remedy, and Shopkick will continue to enjoy the fruits and proceeds of its unlawful conduct.

i.    Given (1) the substantive complexity of this litigation; (2) the size of individual Classes' members' claims; and (3) the limited resources of the Classes' members, few, if any, National Class or California Class members could afford to seek legal redress individually for the wrongs Shopkick has committed against them.

j.    This action will foster an orderly and expeditious administration of the Classes' claims, will economize time, effort and expense, and will result in uniformity of decision because all matters will be resolved at one time with a minimum of legal fees and judicial resources.

1          k.       This action presents no difficulty that would impede the Court's management of it as a class action, and a class action is the best and/or the only available means by which members of the Classes can seek legal redress for the harm caused by Shopkick.

36. The various claims asserted in this action are additionally or alternatively certifiable under the provisions of FRCP 23(b)(1) or 23(b)(2) because:

    a.    The prosecution of separate actions by hundreds of individual National Class and California Class members would create a risk of inconsistent or varying adjudications with respect to individual National Class and California Class members, thus establishing incompatible standards of conduct for Shopkick;

    b.    The prosecution of separate actions by individual National Class and California Class members would also create the risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other National Class and California Class members who are not a party to such adjudications and would substantially impair or impede the ability of such non-party National Class and California Class members to protect their interests; and

    c.    Shopkick has acted or refused to act on grounds generally applicable to the entire National Class and California Class, thereby making appropriate final declaratory and injunctive relief with respect to the National Class and California Class as a whole. The claims brought by Plaintiffs and the other members of the Classes all arise from substantially similar sets of facts and from Shopkick's identical course of conduct.

37. The issues common to the Classes members' claims, some of which are identified above, are alternatively certifiable pursuant to FRCP 23(c)(4) as resolution of these issues would materially advance the litigation, and class resolution of these issues is

superior to repeated litigation of these issues in separate trials.

## VII. FIRST CAUSE OF ACTION
### (NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 et Seq.)

38. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully set forth herein.

39. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including by not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

40. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq., Plaintiffs and the National Class are entitled to an award of $500.00 in statutory damages for every violation pursuant to 47 U.S.C. § 227(b)(3)(B).

41. Plaintiffs and the National Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## VIII. SECOND CAUSE OF ACTION
### (KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 et Seq.)

42. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully set forth herein.

43. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

44. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiffs and the National Class are entitled to an award of $1,500.00 in statutory damages for every violation pursuant to 47 U.S.C. § 227(b)(3)(C).

45. Plaintiffs and the National Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## IX. THIRD CAUSE OF ACTION
### (CAL. BUS. & PROF. CODE § 17200 et Seq.)

46. Plaintiff incorporates by reference all of the above paragraphs of this

Complaint as though fully set forth herein.

47. Shopkick transmitted Text Messages to Plaintiffs on or about May 1, 2014 through its App. The Text Messages were transmitted using an ATDS or an artificial or prerecorded message. Shopkick did not receive Plaintiffs express consent prior to sending the Text Messages.

48. Shopkick's conduct was an unlawful business practice because it violates the TCPA.

49. Shopkick's conduct is also unfair, deceptive, untrue or misleading advertising because the App sent the Text Message but made it appear as if Plaintiffs' acquaintance(s) sent the Text Message.

50. Plaintiffs and the National Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## X. PRAYER FOR RELIEF

Plaintiffs and the Class members respectfully request the following relief against Defendant:

### A. FIRST CAUSE OF ACTION
### FOR NEGLIGENT VIOLATIONS OF THE TCPA, 47 U.S.C. § 227 et Seq.

    a. A determination that this action is a proper class action maintainable pursuant to FRCP CR 23(a), (b)(1), (b)(2), (b)(3) and/or 23(c)(4), and appointing Plaintiff as representative of the National Class.

    b. As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiffs seeks, for themselves and each National Class member, $500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B).

    c. Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

    d. Any other relief the Court may deem just and proper.

B. **SECOND CAUSE OF ACTION**
**FOR KNOWING/WILLFUL VIOLATIONS OF THE TCPA, 47 U.S.C. § 227 et Seq.**

a. A determination that this action is a proper class action maintainable pursuant to FRCP CR 23(a), (b)(1), (b)(2), (b)(3) and/or 23(c)(4), and appointing Plaintiff as representative of the National Class.

b. As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiffs seeks, for themselves and each National Class, member $1,500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B).

c. Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

d. Any other relief the Court may deem just and proper.

C. **THIRD CAUSE OF ACTION**
**FOR VIOLATIONS OF CAL. BUS. & PROF. CODE § 17200 et Seq.**

a. A determination that this action is a proper class action maintainable pursuant to FRCP CR 23(a), (b)(1), (b)(2), (b)(3) and/or 23(c)(4), and appointing Plaintiff as representative of the California Class.

b. Pursuant to Cal. Bus. & Prof. Code § 17207, injunctive relief prohibiting such conduct in the future.

c. Any other relief the Court may deem just and proper.

DATED this 28th day of May 2014.

**NEWMAN DU WORS LLP**

By: *[signature]*
John Du Wors, WSBA No. 33987
Email: john@newmanlaw.com
Leeor Neta, State Bar No. 233454
leeor@newmanlaw.com
Attorneys for Plaintiffs

# JURY DEMAND

Pursuant to FED. R. CIV. P. 38(b), Plaintiffs demand a trial by jury of all issues presented in this complaint which are triable by jury.

Dated this 28th day of May, 2014.

**NEWMAN DU WORS LLP**

By: _____
John Du Wors, State Bar No. 233913
duwors@newmanlaw.com
Leeor Neta, State Bar No. 233454
leeor@newmanlaw.com

Attorneys for Plaintiffs