1  RODGER R. COLE (CSB No. 178865)
   rcole@fenwick.com
2  SEAN S. WIKNER (CSB No. 268319)
   swikner@fenwick.com
3  FENWICK & WEST LLP
   Silicon Valley Center
4  801 California Street
   Mountain View, CA  94041
5  Telephone:     650.988.8500
   Facsimile:     650.938.5200
6
   BRIAN D. BUCKLEY
7  (*pro hac vice* application to be filed)
   bbuckley@fenwick.com
8  FENWICK & WEST LLP
   1191 Second Avenue, 10th Floor
9  Seattle, WA 98101
   Telephone:     206.389.4510
10 Facsimile:     206.389.4511

11 Attorneys for Defendant
   SHOPKICK, INC.

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ZAK HURICKS, an individual, and TRISTA ROBINSON, an individual, by themselves and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SHOPKICK, INC., a Delaware corporation,<br><br>Defendant. | Case No.: 4:14-CV-02464-DMR<br><br>**DEFENDANT'S MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Hearing Date:   August 14, 2014<br>Hearing Time:   11:00 a.m.<br>Dept:           Courtroom 4, 3rd Floor<br>Judge:          Ryu<br><br>Date Action Filed:  May 28, 2014 |

# TABLE OF CONTENTS

**Page**

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT ........................................ 1

MEMORANDUM OF POINTS AND AUTHORITIES ............................................................. 1

I.   ISSUES TO BE DECIDED ............................................................................................. 1

II.  INTRODUCTION ........................................................................................................... 1

III. BACKGROUND ............................................................................................................. 3

IV.  ARGUMENT AND AUTHORITY ................................................................................ 6

    A.  Plaintiffs Fail To Adequately Plead Use Of An ATDS. .......................................... 6

    B.  Ms. Sorrells Is A Necessary Party. ........................................................................ 10

V.   CONCLUSION .............................................................................................................. 13

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Ashcroft v. Iqbal*,
　556 U.S. 662 (2009) ................................................................................................6, 7, 8

*Bell Atl. Corp. v. Twombly*,
　550 U.S. 544 (2007) ..........................................................................................................6

*Blizzard Entertainment Inc. v. Ceiling Fan Software LLC*,
　No. SACV 12-00144 JVS(RNBx), 2013 WL 5511596, (C.D. Cal., Sept. 23,
　2013) ...............................................................................................................................12

*Chavez v. Bank of America*,
　No. C 10-653 JCS, 2011 WL 4712204 (N.D. Cal., Oct. 7, 2011) ...........................................12

*Colony Cove Props., LLC v. City of Carson*,
　640 F.3d 948 (9th Cir. 2011) ............................................................................................7

*Craigslist, Inc. v. Naturemarket, Inc.*,
　694 F.Supp.2d 1039 (N.D.Cal. 2010) ...............................................................................12

*Daniels v. ComUnity Lending, Inc.*,
　No. 13cv488-WQH-JMA, 2014 WL 51275 (S.D. Cal. Jan. 6, 2014) ....................................8, 9

*E.E.O.C. v. Peabody W. Coal Co.*,
　610 F.3d 1070 (9th Cir.2010)................................................................................10, 11, 12

*Freidman v. Massage Envy Franchising, LLC*,
　No. 3:12–cv–02962–L–RBB, 2013 WL 3026641 (S.D. Cal. June 13, 2013) ....................8, 9

*Ibey v. Taco Bell Corp.*,
　No. 12-cv-583-H-WVG, 2012 WL 2401972 (S.D. Cal. June 18, 2012) ............................8, 9

*Knutson v. Reply!, Inc.*,
　No. 10-CF-1267 BEN, 2011 WL 291076 (S.D. Cal. Jan. 27, 2011) ........................................8

*Navigators Ins. Co. v. Dialogic Inc.*,
　No. 13-cv-05954-RMW, 2014 WL 2196403 (N.D. Cal., May 27, 2014) ....................10, 11, 12

*Satterfield v. Simon & Schuster, Inc.*,
　569 F.3d 946 (9th Cir. 2009)............................................................................................7

*Sprewell v. Golden State Warriors*,
　266 F.3d 979 (9th Cir. 2001).............................................................................................7

*Strand v. Corinthian Colleges, Inc.*,
　No. 1:13-CV-1235, 2014 WL 1515494 (W.D. Mich., Apr. 17, 2014) .....................................9

**STATUTES**

47 U.S.C. § 227(a)(1) ................................................................................................................ 2, 7

47 U.S.C. § 227(b)(1)(A) ............................................................................................................ 11

47 U.S.C. § 227(b)(1)(A)(iii) ............................................................................................. 1, 2, 7, 8

47 U.S.C. § 227(b)(3) .................................................................................................................. 11

Cal. Bus. & Prof. Code § 17207 .................................................................................................... 1

**OTHER AUTHORITIES**

Federal Rule of Civil Procedure 8(a) ............................................................................................. 6

Federal Rule of Civil Procedure 12(b)(6) ............................................................................. 1, 3, 6

Federal Rule of Civil Procedure 12(b)(7) ............................................................................. 10, 13

Federal Rule of Civil Procedure 19 ....................................................................................... *passim*

Federal Rule of Civil Procedure 19(a) ......................................................................................... 10

Federal Rule of Civil Procedure 19(a)(1) .................................................................................... 10

Federal Rule of Civil Procedure 19(b) ......................................................................................... 13

Federal Rules of Civil Procedure 12(b)(7) and 19 ........................................................................ 1

# NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT

**TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that, on August 14, 2014, at 11:00 a.m., in the courtroom of the Honorable Donna M. Ryu, located at 1301 Clay Street, Oakland, CA 94612, Courtroom 4, Third Floor, Defendant shopkick, Inc. ("shopkick") will move for an order dismissing Plaintiffs' putative class action Complaint For Damages And Injunctive Relief [Dkt. No. 1] (the "Complaint") pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to plead a viable claim for relief, and pursuant to Federal Rules of Civil Procedure 12(b)(7) and 19, for failure to join a necessary party. This Motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities, the Declaration of Steven Stanek, the Declaration of Brian D. Buckley, the Court's files in this action, the arguments of counsel, and any other matter that the Court may properly consider.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.     ISSUES TO BE DECIDED

1. Whether Plaintiffs have failed to sufficiently allege that shopkick made any call using an "automatic telephone dialing system," a required element of Plaintiffs' claims under the federal Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(1)(A) (the "TCPA").

2. Whether Plaintiffs' Complaint should be dismissed, pursuant to Rules 12(b)(7) and 19, because Plaintiffs have failed to join a necessary party, *i.e.*, the individual who sent the text messages on which the Complaint and this lawsuit are predicated.

### II.     INTRODUCTION

Shopkick offers a popular free application (or "app") for mobile devices. Over six million people use the shopkick app to enhance their shopping experiences and earn rewards. Plaintiffs Zak Huricks and Trista Robinson claim to have received unsolicited text messages from shopkick inviting Plaintiffs to download and try the shopkick app. Plaintiffs' Complaint asserts that those text messages violate the federal TCPA, as well as California's consumer protection statute (Cal. Bus. & Prof. Code § 17207). Plaintiffs and their counsel, the law firm of Newman Du Wors LLP,

seek to represent a nationwide class of people who received an unsolicited text message inviting them to try the shopkick app.

Shopkick did not send the text messages Plaintiffs allegedly received. In fact, shopkick never sends unsolicited text messages to anyone, but shopkick's *users* may choose to invite their friends and contacts to also enjoy the shopkick experience. What the Court would not know from reading Plaintiffs' Complaint is that the text messages in question were sent by Plaintiffs' friend, a woman named Arlyne Sorrells. What the Court also would not know from the Complaint is that Ms. Sorrells is a paralegal at the Newman Du Wors law firm, and she apparently sent messages not only to Plaintiffs but to their lead counsel in this suit, John Du Wors, and other members of the Newman Du Wors law firm.

Plaintiffs' Complaint should be dismissed for failure to state a claim because it does not sufficiently allege a required element of Plaintiffs' TCPA claim: that shopkick made any call using an "automatic telephone dialing system" (or "ATDS"), as that term is defined by the statute. To satisfy that essential element of a TCPA claim under Ninth Circuit law, a plaintiff must plead facts sufficient to support a plausible inference that the text message was sent using "equipment" that has the capacity "to store or produce telephone numbers to be called, using a random or sequential number generator," and to actually dial such numbers. 47 U.S.C. § 227(a)(1). Rather than pleading any such facts, Plaintiffs merely parrot the statutory definition of an ATDS. Numerous courts have rejected nearly identical conclusory allegations as insufficient to state a TCPA claim. This Court should do the same.

Plaintiffs' Complaint must also be dismissed under Ru1e 19 because Plaintiffs have failed to name a necessary party: Arlyne Sorrells. The TCPA prohibits certain types of unsolicited calls or text messages — if a particular call or text violates the TCPA, any person or entity deemed to have "made" that call or text may be liable under the statute. Here, if shopkick violated the TCPA (which it vigorously denies), then Arlyne Sorrells necessarily violated the TCPA because she (not shopkick) actually sent the text messages at issue. Moreover, Ms. Sorrells represented to shopkick that she would not send unsolicited messages or otherwise violate the law. If shopkick were found liable for TCPA violations, Ms. Sorrells must make shopkick whole. Consequently,

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

the Court cannot fully adjudicate the issues in this case without Ms. Sorrells's direct involvement and without significantly affecting and impairing Ms. Sorrells's interests. As such, she is a necessary party under Rule 19.

Simultaneously with this Motion, shopkick has filed a motion to disqualify the Newman Du Wors LLP law firm from acting as class counsel in this case, based on the fact that Mr. Du Wors is himself a member of the proposed class, and he has disabling conflicts based on his close relationships with Plaintiffs and Ms. Sorrells. In support of that motion, shopkick has filed the Declaration of Steven Stanek ("Stanek Dec.") and the Declaration of Brian D. Buckley ("Buckley Dec."), setting forth critical background facts uncovered by shopkick through its investigation (and not disclosed by Plaintiffs or their counsel). Some of that background is referenced in this Motion because it is necessary to the Court's determination of whether Ms. Sorrells is a necessary party. But shopkick's Rule 12(b)(6) motion to dismiss for failure to adequately plead the use of an ATDS is based exclusively on the allegations in, and lacking from, the Complaint.

### III. BACKGROUND

Since its founding four years ago, shopkick has become one of the most popular mobile shopping applications. With over 6 million users, shopkick is the most-used shopping app and fourth in overall consumer reach, according to Nielsen. *See* https://www.shopkick.com/about. As described at the shopkick website, here is how it works:

> Shopkick is the shopping app that helps you discover all the best products at stores near you. It shows you popular products and rewards waiting for you at stores like Target, Macy's, Best Buy, Old Navy, American Eagle, JCPenney, Sports Authority and Crate & Barrel. And it rewards you with kicks (points) just for walking in the door. Get even more kicks when you scan items and make purchases. Redeem your points for gift cards at your favorite stores. Now you can do even more of what you love—shop.

*See* https://www.shopkick.com/tour. The shopkick app is free to download and free to use.

By downloading the shopkick app, a user agrees to shopkick's Terms of Service. *See generally*, https://www.shopkick.com/terms-of-service. Pursuant to the Terms of Service, the user consents to receive various messages and notifications from shopkick, including text messages (though the user may opt out). *Id.* The user also agrees as follows:

Fenwick & West LLP
Attorneys At Law
San Francisco

> We may offer you the opportunity to invite your friends or contacts to download the shopkick Application and enjoy the Services.  If you click to invite one or more of your friends or contacts using text messaging (SMS), we may suggest content for the message.  You can edit that suggested content, and if you choose to send text message invitations those messages will be sent from the SMS functionality on your phone.  ***If you do choose to send such invitations, you represent to shopkick that the recipients of such invitations have consented to receive such messages from you, and that those recipients do not consider such messages unwanted or unsolicited***.

*Id*. (emphasis added).  And the user commits not to "send to any third party any unsolicited communication or message, including without limitation text messages or email, in connection with or related in any way to the Services or to shopkick."  *Id*.  The user also commits not to use the app or shopkick's services in any manner that violates the law.  *Id*.

When a new user begins using the shopkick app, he or she may receive a prompt, as noted in the Terms of Service, asking whether the user would like to invite friends or contacts to try the app.  Stanek Dec., ¶ 3.  If the user indicates "yes," the shopkick app pulls up the address book or contact list from the user's mobile device (but only if the user has consented to allow the app such access).  *Id*.  The user must then select the friends or contacts whom the user wants to invite.  *Id*.  The user must then voluntarily elect to send the text message invitations.  *Id*.  Those text messages are sent, if at all, from the SMS functionality on the user's mobile phone, <u>not</u> from shopkick's servers.  *Id*., ¶ 4.  Shopkick may record the list of contacts to whom the user indicated the *intention* to send invitations; but shopkick has no way of knowing whether those text-message invitations were actually sent from the user's phone, let alone whether those messages were received by anyone.  *Id*.

In their Complaint, Plaintiffs allege that, on or about May 1, 2014, they each received a text message on their cellular phone stating: "Hey, just gave you 50 bonus points on shopkick – a cool new app that rewards you for shopping. Check it out," and including a link to shopkick's website.  *Id*., ¶ 18.  The Complaint does not include the text of the link itself.  After the Complaint was filed, Plaintiffs' lead lawyer, Mr. Du Wors, informed shopkick's counsel that the following is the complete text of the message that Plaintiffs allegedly received:

> "Hey, just gave you 50 bonus points on shopkick – a cool new app that rewards you for shopping. Check it out: http://get.shopkick.com/fresno24336."

*See* Buckley Dec., ¶ 2. When a shopkick user sends an invitation to a friend or contact, shopkick provides a link to the shopkick website (like the one in the message above), and that link includes a randomly generated user-code. Stanek Dec., ¶ 5. That user-code allows shopkick to connect the existing user with the invitee, in order to properly credit the existing user if the invitee downloads the shopkick app. *Id.*

Here, the text messages allegedly received by Plaintiffs included the shopkick user-code "fresno24336." According to shopkick's records, the person associated with that user-code downloaded the shopkick app on May 1, 2014 at approximately 9:00 p.m. Stanek Dec., ¶ 6. She did not register her account, so shopkick's records do not include a name or phone number connected to that user-code. *Id.* Shortly after downloading the app, user "fresno24336" indicated her intention to send invitations to some of her contacts. Shopkick's records do include the list of names of the contacts to whom "fresno24336" intended to send messages. *Id.* Shopkick does not know how many of those messages were actually sent from "fresno24336"'s mobile phone. *Id.*[1]

Shopkick's geo-location records indicate that user "fresno24336" accessed the shopkick app from a location in El Paso, Texas.[2] Public records connect that location to Arlyne Sorrells. *See* Buckley Dec., ¶ 3. It was easy to establish, entirely through a review of public information (primarily on Facebook), that user "fresno24336" is Arlyne Sorrells. *See* Defendant's Motion To Disqualify Counsel at 5 (describing in more detail shopkick's investigation).

---

[1] Shopkick users can choose to invite friends in a variety of ways, including through Facebook messaging, by email, or via text message (SMS). *See* Stanek Dec., ¶ 6. Ms. Sorrells used all of those media to invite her friends. *Id.* But only text messages implicate the TCPA (because they are tantamount to "phone calls"), and therefore only text messages are conceivably relevant to this lawsuit. Plaintiffs' Complaint is flawed and misleading in myriad ways, but in part because it conflates various methods of communication that have nothing to do with the TCPA or Plaintiffs' proposed classes. *See* Complaint, ¶¶ 12-15.

[2] To function as intended, the shopkick app is dependent on geo-location services because users are rewarded for simply entering affiliated retail stores. Shopkick users agree to the use of geo-location services, both implicitly by downloading and taking advantage of the shopkick app, and expressly through the terms of shopkick's Privacy Policy. *See* https://www.shopkick.com/privacy-policy.

Plaintiff Zak Huricks, his wife Tiffanie Huricks, and Plaintiff Trista Robinson were all on the list of friends and contacts whom "fresno24336" (*i.e.*, Arlyne Sorrells) planned to invite to try shopkick. *See* Stanek Dec., ¶ 6. Also on the list of Ms. Sorrells's contacts was "John Wors." *Id*. That is not surprising, because, according to her LinkedIn profile, Ms. Sorrells is a paralegal at the Newman Du Wors law firm. *See* Buckley Dec., ¶ 7. Ms. Sorrells's invitee list also included several other Newman Du Wors personnel, including attorneys Derek Newman, his wife Jessica Newman, and Derek Linke. Stanek Dec., ¶ 6.

On May 28, 2014 — less than a month after Ms. Sorrells created her shopkick account and ostensibly sent text message invitations to Plaintiffs, and to Mr. Du Wors and his colleagues — this lawsuit was filed. Plaintiffs and their counsel seek to represent both a nationwide class of all individuals "who received an unsolicited telephonic communication to their cellular telephones as a result of [shopkick's] actions," and a second class of only California residents who received such communications. *See* Complaint, ¶ 32. Plaintiffs failed to plead the full content of the text messages they allegedly received; as noted, Plaintiffs omitted the link containing Ms. Sorrells's user-code. *See id*, ¶ 18. Nor did Plaintiffs disclose their complete cellular telephone numbers. *See id*., ¶¶ 24-25. Nor did Plaintiffs disclose the phone number from which the text messages were sent.

## IV.   ARGUMENT AND AUTHORITY

Plaintiffs' Complaint should be dismissed for two independent reasons. <u>First</u>, Plaintiffs have failed to adequately plead that shopkick sent the text messages at issue using an ATDS. <u>Second</u>, Plaintiffs have failed to name as a necessary party Arlyne Sorrells, their friend (and a paralegal at Plaintiffs' counsel's law firm), who in fact sent the text messages at issue.

### A.   Plaintiffs Fail To Adequately Plead Use Of An ATDS.

To survive a Rule 12(b)(6) motion, a complaint must allege sufficient well-pleaded facts, "accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While a complaint need not include detailed factual allegations, Rule 8(a) "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."

*Twombly*, 550 U.S. at 555.  The complaint must allege facts that, when considered true, raise the right to relief "above the speculative level."  *Id*.  Where a plaintiff's complaint pleads facts that are merely *consistent with* a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*).

In ruling on a motion to dismiss, the Court must assume the truth of all well-pleaded factual allegations, but the Court need not accept as true any conclusory allegations, unwarranted deductions of fact, or unreasonable inferences.  *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *Iqbal*, 556 U.S. at 678 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  Nor is the Court compelled to accept as true allegations that are contradicted by the documents and materials referred to in the complaint.  *Colony Cove Props., LLC v. City of Carson*, 640 F.3d 948, 955 (9th Cir. 2011).

As relevant to this Motion, the TCPA provides that a person may not "make any call" to a cellular phone using an "automatic telephone dialing system," or an artificial prerecorded voice message, without the recipient's prior express consent.  *See* 47 U.S.C. § 227(b)(1)(A)(iii).  As explained below, Plaintiffs' Complaint should be dismissed because Plaintiffs fail to allege any facts sufficient to state a plausible claim that shopkick sent Plaintiffs a text message using an "automatic telephone dialing system."

The TCPA defines the phrase "automatic telephone dialing system" as "equipment which has the capacity— (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers."  47 U.S.C. § 227(a)(1).  Under that definition, in the Ninth Circuit, a TCPA plaintiff must allege, and then ultimately prove, that the offending call or text message was sent using equipment that has the capacity to store or produce telephone numbers to be called using a random or sequential number generator.  *See Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 951 (9th Cir. 2009) ("[The TCPA's] clear language mandates that the focus must be on whether the equipment has the *capacity* "to store or produce telephone numbers to be called, using a random or sequential number generator.").

Courts in the Ninth Circuit have repeatedly rejected mere conclusory allegations that the defendant used an ATDS, or allegations that simply restate the statutory definition of an ATDS, as insufficient to state a TCPA claim. *See, e.g.*, *Freidman v. Massage Envy Franchising, LLC*, No. 3:12-cv-02962-L-RBB, 2013 WL 3026641, *2 (S.D. Cal. June 13, 2013) (dismissing TCPA claim where two plaintiffs alleged only that they received similar impersonal text messages from the defendant; "The text messages are generic and impersonal, as Plaintiffs assert, but that is not enough to make the claims plausible."); *Ibey v. Taco Bell Corp.*, No. 12-cv-583-H-WVG, 2012 WL 2401972, *3 (S.D. Cal. June 18, 2012) (conclusory allegation that message was sent using an ATDS was insufficient where message "did not appear to be random"); *Daniels v. ComUnity Lending, Inc.*, No. 13cv488-WQH-JMA, 2014 WL 51275, *5 (S.D. Cal. Jan. 6, 2014) (same); *Knutson v. Reply!, Inc.*, No. 10-CF-1267 BEN (WMc), 2011 WL 291076, *2 (S.D. Cal. Jan. 27, 2011) (dismissing TCPA claim where complaint had conclusory allegation that defendant used an auto-dialer but no facts permitting an inference that the message was sent using equipment with capacity to store or produce numbers using a random or sequential number generator).

As in the cases cited above, Plaintiffs' Complaint falls far short of alleging any plausible claim that shopkick sent the text messages at issue (or any messages for that matter) using an ATDS. Indeed, it would be difficult for the Complaint to be any more conclusory. At paragraphs 20-23 of the Complaint, Plaintiffs merely recite the elements of the statute. Unlike the plaintiffs in at least some of the cases above, Plaintiffs did not even bother to customize their allegations to attempt to match the facts of this case. For example, Plaintiffs allege in part that shopkick sent an "artificial or prerecorded message" to "contact numbers" assigned to "specialized mobile radio services." Complaint, ¶ 20. Obviously, that allegation has nothing to do with the underlying events here, which involved two text messages to cellular telephones. Plaintiffs also allege that shopkick sent "a text message to a residential telephone line using an artificial or prerecorded message." *Id.*, ¶ 26. That allegation does not even make sense — it is impossible to send a text message to a residential telephone line. And, again, that allegation has nothing to do with the facts of this case. After *Iqbal*, these sorts of boilerplate allegations are patently insufficient to plead a claim. *See Iqbal*, 556 U.S. at 678.

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

More to the point, with respect to the use of an ATDS, Plaintiffs offer nothing more than the bald statements that shopkick uses an ATDS (Complaint, ¶ 20), that "had the capacity to store or produce telephone numbers to be contacted using a random or sequential number generator" (*id*., ¶ 22), and that "has the capacity to generate numbers and dial them without human intervention" (*id*., ¶ 23). As the decisions cited above reflect, the courts consistently recognize that a TCPA plaintiff must allege <u>facts</u> to support such conclusory statements. There are no such facts in Plaintiffs' Complaint.

There are, of course, many reasons to infer that the text messages Plaintiffs allegedly received were <u>not</u> sent by shopkick and <u>not</u> sent using an ATDS. The content of the messages was not generic or impersonal, but worded in the first person and expressly from the perspective of an individual shopkick user. *See* Complaint, ¶ 18.[3] Moreover, had Plaintiffs properly alleged the full content of the text messages, they also included a personal identification code. *See* Buckley Dec., ¶ 2. Plaintiffs' own allegations reasonably support only an inference that the messages were initiated by Plaintiffs' friend or acquaintance, not an inference that Plaintiffs received an indiscriminate "spam" text message from shopkick. *See Ibey*, 2012 WL 2401972 at *3; *Daniels*, 2014 WL 51275 at *5. There is also no reason the Court must ignore the truth, which is that the text messages at issue came from Arlyne Sorrells, who is not only Plaintiffs' close friend but a paralegal at class counsel's law firm.

Plaintiffs have also conspicuously failed to plead basic information that would inform, and likely rebut, their claim that the text messages at issue were sent by an ATDS. In the recent case of *Strand v. Corinthian Colleges, Inc.*, No. 1:13-CV-1235, 2014 WL 1515494, *3 (W.D. Mich., Apr. 17, 2014), the court found that a TCPA plaintiff must plead the full cellular telephone number to which the allegedly offending calls were directed. Plaintiffs did not allege their full telephone numbers. Complaint, ¶¶ 24-25. Nor did Plaintiffs allege the full content of the text messages at issue, or the precise dates and times at which those messages were received. *Id*.,

---

[3] Even if the content of the text messages had been truly generic, that fact alone would not be sufficient to satisfy Plaintiffs' burden to adequately plead the use of an ATDS. *See Freidman*, 2013 WL 3026641 at *2.

¶ 18.[4]  Most notably, Plaintiffs did not allege the number from which the text messages were received.  That information is, of course, apparent from the text message itself.  It is very likely, if not certain in light of what shopkick now knows, that the text messages at issue came from Arlyne Sorrells's phone number; in fact, if Ms. Sorrells was in Plaintiffs' address books, the texts likely included her name.  That is important information for the Court to consider with respect to the plausibility of Plaintiffs' claim that the text messages at issue were "spam" messages sent indiscriminately by shopkick to Plaintiffs and similarly situated class members.

In sum, Plaintiffs' Complaint is deficient on its face.  Plaintiffs' allegations create *no* inference, let alone a plausible inference that is more than raw speculation, that shopkick sent text messages using an ATDS.  In fact, all available information points to the opposite inference.  As such, the Complaint must be dismissed.

### B. Ms. Sorrells Is A Necessary Party.

Under Rule 12(b)(7), a complaint must be dismissed if it fails to name a necessary party under Rule 19.  *Navigators Ins. Co. v. Dialogic Inc.*, No. 13-cv-05954-RMW, 2014 WL 2196403, *1 (N.D. Cal., May 27, 2014).  The Ninth Circuit has created a roadmap to guide the Rule 19 inquiry:

> A Rule 19 motion poses three successive inquiries.  First, the court must deter-mine whether a nonparty should be joined under Rule 19(a). That nonparty (or absentee) is now referred to as a "person required to be joined if feasible."  If an absentee meets the requirements of Rule 19(a), the second stage is for the court to determine whether it is feasible to order that the absentee be joined.  Finally, if joinder is not feasible, the court must determine at the third stage whether the case can proceed without the absentee or whether the action must be dismissed.

*E.E.O.C. v. Peabody W. Coal Co.*, 610 F.3d 1070, 1078 (9th Cir.2010) (internal quotations and citations omitted).  For the first prong of the inquiry, under Rule 19(a)(1), a party is necessary if:

**(A)**   in that person's absence, the court cannot accord complete relief among existing parties; or

---

[4] Plaintiffs' counsel did provide that information to shopkick's counsel.  The details corroborate that the text messages in question were sent by Arlyne Sorrells just minutes after she downloaded the shopkick app.

**(B)** that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

**(i)** as a practical matter impair or impede the person's ability to protect the interest; or

**(ii)** leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

*Navigators*, 2014 WL 2196403, *2.  "A nonparty in whose absence an action must be dismissed is one who not only has an interest in the controversy, but has an interest of such a nature that a final decree cannot be made without either affecting that interest, or leaving the controversy in such a condition that its final termination may be wholly inconsistent with equity and good conscience." *Peabody*, 610 F.3d at 1078.

As discussed above, it appears inescapable that Ms. Sorrells sent the text messages on which this lawsuit is based.  She sent those text messages to Plaintiffs, who are her close friends.  At the same time, she apparently sent similar messages to members of the Newman Du Wors law firm (including lead counsel John Du Wors), where Ms. Sorrells is employed as a paralegal.  A phone call or text message (sent using an ATDS and without the recipient's consent) is the act or event that violates the TCPA.  47 U.S.C. § 227(b)(1)(A).  The person or entity who sent that message can then potentially be liable for damages.  47 U.S.C. § 227(b)(3).  Consequently, if Plaintiffs were to succeed in establishing that shopkick violated the TCPA, then Ms. Sorrells also necessarily violated federal law.  And even if her friends, the Plaintiffs in this suit, chose not to pursue damages against Ms. Sorrells, other potential plaintiffs might not be so generous.

Thus, Ms. Sorrells certainly has "an interest in the controversy," and "a final decree cannot be made without [] affecting that interest." *Peabody*, 610 F.3d at 1078.  Or, as Rule 19 itself contemplates, "disposing of the action in the [Ms. Sorrells's] absence may … as a practical matter impair or impede [her] ability to protect the interest." *See, e.g., Navigators*, 2014 WL 2196403, *2 (primary insurer was necessary party because dispute required construction of policy provision, which would "as a practical matter impair or impede" the insurer's interests; excess insurer was also necessary party because primary insurer's liability in turn created liability under excess policy).

But Ms. Sorrells's involvement and interest in this case goes further. By downloading and using the shopkick app, Ms. Sorrells agreed to shopkick's Terms of Service. As discussed in the "Background" section above, through the Terms of Service, Ms. Sorrells made several contractual commitments to shopkick. She represented that if she sent invitations to her friends or contacts to try shopkick, "the recipients of such invitations have consented to receive such messages" and "those recipients do not consider such messages unwanted or unsolicited." Ms. Sorrells also committed not to "send to any third party any unsolicited communication or message, including without limitation text messages or email, in connection with or related in any way to the Services or to shopkick." Finally, Ms. Sorrells committed not to use the app in any manner that violates the law. *See* https://www.shopkick.com/terms-of-service. Where terms of service are a condition to the use of a product or service, as they are here, those terms create contractual obligations binding on the user. *See, e.g.*, *Blizzard Entertainment Inc. v. Ceiling Fan Software LLC*, No. SACV 12-00144 JVS(RNBx), 2013 WL 5511596, *6 (C.D. Cal., Sept. 23, 2013); *Chavez v. Bank of America*, No. C 10-653 JCS, 2011 WL 4712204, *6 (N.D. Cal., Oct. 7, 2011); *Craigslist, Inc. v. Naturemarket, Inc.*, 694 F.Supp.2d 1039, 1059 (N.D. Cal. 2010).

If shopkick is found liable for damages for violating the TCPA, those damages will be the direct and proximate result of Ms. Sorrells's violations of shopkick's Terms of Service. As such, shopkick will have contractual claims against Ms. Sorrells for such damages. Allowing this lawsuit to create contractual liability for Ms. Sorrells, without her having an opportunity to directly represent and defend her interests, would seem to be "wholly inconsistent with equity and good conscience." *Peabody*, 610 F.3d at 1078. In sum, Ms. Sorrells is a necessary party in this case. If Plaintiffs' TCPA claims against shopkick were to succeed, it would create dual liability for Ms. Sorrells, both for her own independent violations of the TCPA and for breaches of her contractual obligations to shopkick. In light of that risk, it is neither logical nor equitable to proceed without her.

With respect to the second prong of the Rule 19 inquiry, there is no reason to believe that joinder of Ms. Sorrells is not feasible. The Court has subject-matter jurisdiction over this case because it involves a federal statute, so Ms. Sorrells's joinder would not jeopardize jurisdiction.

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

*See Navigators*, 2014 WL 2196403, *3 (joinder of non-parties was not feasible because it would destroy diversity jurisdiction).  Moreover, Ms. Sorrells is an employee of Plaintiffs' counsel's law firm, and also Plaintiffs' close friend — presumably Ms. Sorrells will not contest jurisdiction if the result would be dismissal of Plaintiffs' claims.  Because joinder of Ms. Sorrells is feasible, it is not necessary for the Court to undertake the third prong of the Ninth Circuit's Rule 19 analysis (which is governed by Rule 19(b)).

## V.   CONCLUSION

As discussed above, Plaintiffs' Complaint is deficient in two fatal respects.  Plaintiffs' TCPA claims reflect the sort of conclusory, boilerplate pleading that courts have routinely rejected as insufficient to state a viable claim.  If Plaintiffs are forced to re-plead with facts to support their bare recitals of the statutory elements, and with additional details regarding the text messages at issue, it will likely rebut any inference that the messages were sent by shopkick using an ATDS (which is presumably why Plaintiffs omitted those details in the first place).

In addition, Plaintiffs have failed to name as a party Arlyne Sorrells, the individual who actually sent the text messages on which this lawsuit is predicated.  Because Ms. Sorrells is a necessary party, as defined in Rule 19, the Complaint is independently subject to dismissal under Rule 12(b)(7).

For all these reasons, shopkick respectfully requests that the Court dismiss the Complaint in its entirety.

Dated:   June 19, 2014                          FENWICK & WEST LLP

/s/ Sean S. Wikner
RODGER R. COLE (CSB No. 178865)
rcole@fenwick.com
SEAN S. WIKNER (CSB No. 268319)
swikner@fenwick.com
FENWICK & WEST LLP
Silicon Valley Center
801 California Street
Mountain View, CA  94041
Telephone:  650.988.8500
Facsimile:   650.938.5200

|   |   |
|---|---|
| 1 | BRIAN D. BUCKLEY |
| 2 | (*pro hac vice* application to be filed) bbuckley@fenwick.com |
| 3 | FENWICK & WEST LLP 1191 Second Avenue, 10th Floor |
| 4 | Seattle, WA 98101 Telephone: (206) 389-4510 |
|   | Facsimile: (206) 389-4511 |
| 5 |   |
| 6 | Attorneys for Defendant shopkick, Inc. |