IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZAK HURICKS, et al.,<br><br>       Plaintiffs,<br><br>  v.<br><br>SHOPKICK, INC.,<br><br>       Defendant. | No. C-14-2464 MMC<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS; AFFORDING PLAINTIFFS LEAVE TO AMEND; CONTINUING CASE MANAGEMENT CONFERENCE** |

      Before the Court is defendant Shopkick, Inc.'s ("Shopkick") "Motion to Dismiss Complaint," filed June 19, 2014. Plaintiffs Zak Huricks and Trista Robinson have filed opposition, to which Shopkick has replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court rules as follows.[1]

**BACKGROUND**

      Plaintiffs allege that Shopkick operates a "shopping application," which plaintiffs refer to as "the 'App.'" (See Compl. ¶ 11.) According to plaintiffs, the App "shows customers popular products and rewards" at certain stores, and "rewards the customer[s] with points, or 'kicks,' for going to the store, scanning items, and making purchases"; customers can redeem points for gift cards at "participating retailers." (See id.)

//

---

[1] By order filed July 22, 2014, the Court took the matter under submission.

Plaintiffs also allege that when a user downloads the App, the user is given the option to link the App with the user's Facebook or Google account, and, if the user does so, the App offers the user the following "opportunity to earn kicks": "BETTER with FRIENDS. Get started with 2,000 kicks when just three friends join. That's like getting $8 gift card! The best part? You keep getting **2,000 kicks for every additional three friends** that join." (See Compl. ¶ 15 (emphasis in complaint).) Plaintiffs further allege that if the user "pursues" such opportunity, the App will send to the user's contacts a text message that reads as follows: "Hey, just gave you 50 bonus points on shopkick - a cool new app that rewards you for shopping. Check it out." (See Compl. ¶ 16). Additionally, the text message has a link to Shopkick's website. (See id.)

Plaintiffs allege that, on May 1, 2014, they each received on their respective cellular telephones the text message quoted above. (See Compl. ¶¶ 18, 24, 25.) Plaintiffs also allege "[t]he App directed a user's Apple or Android device to transmit the [t]ext [m]essages to [p]laintiffs." (See Compl. ¶ 19.) According to plaintiffs, they did not "consent to receive text messages" from Shopkick or "through any medium at any time." (See Compl. ¶ 31.)

Based on the above allegations, plaintiffs allege three causes of action, specifically, the First Cause of Action, alleging "negligent" violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, the Second Cause of Action, alleging "knowing and/or willful" violations of the TCPA, and the Third Cause of Action, alleging violations of § 17200 of the California Business & Professions Code, based on the asserted violations of the TCPA.

**DISCUSSION**

Shopkick argues the complaint is subject to dismissal for two reasons. First, Shopkick argues, plaintiffs have failed to plead sufficient facts to support a claim under the TCPA. Second, Shopkick argues, plaintiffs have failed to name a necessary party, specifically, the App user referenced in the complaint.

//

//

**A. Failure to State a Claim**

  **1. Legal Standard**

  Dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). Rule 8(a)(2), however, "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). Consequently, "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." See id. Nonetheless, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." See id. (internal quotation, citation, and alteration omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual material, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "Factual allegations must be enough to raise a right to relief above the speculative level[.]" Twombly, 550 U.S. at 555. Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." See Iqbal, 556 U.S. at 678 (internal quotation and citation omitted).

  **2. Violation of TCPA**

  Under the TCPA, it is "unlawful for any person" to "make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system . . . to any telephone number assigned to a . . . cellular telephone service." See 47 U.S.C. § 227(b)(1)(A). The TCPA defines an "automatic telephone dialing system" as "equipment which has the capacity – (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." See 47 U.S.C. § 227(a)(1).

  Here, plaintiffs allege that Shopkick used an "automatic telephone dialing system (ATDS) as defined by 47 U.S.C. § 277(a)(1)" to send the subject text messages to plaintiffs

1  (see Compl. ¶ 20), that the "ATDS used by Shopkick to contact [p]laintiffs had the capacity
2  to store or produce telephone numbers to be contacted using a random or sequential
3  number generator" (see Compl. ¶ 22), and that "Shopkick's ATDC has the capacity to
4  generate numbers and dial them without human intervention" (see Compl. ¶ 23).  Shopkick
5  argues such allegations are conclusory in nature, and that the complaint lacks facts to
6  support a finding that it used an ATDS to make a call to plaintiffs' respective cellular
7  phones.  The Court agrees.

8       Plaintiffs' allegations regarding Shopkick's asserted use of an ATDS consist solely of
9  paraphrases of the definition of ATDS as set forth in the TCPA.  Plaintiffs fail to cite any
10 authority holding that simply quoting or paraphrasing the statutory definition of an ATDS
11 suffices to state a claim, and, indeed, the cases on which plaintiffs rely expressly hold that
12 such conclusory allegations are insufficient.  See, e.g., Kazemi v. Payless Shoesource,
13 Inc., 2010 WL 963225, at *2 (N.D. Cal. March 16, 2010) (holding plaintiff's allegation that
14 defendant's equipment "had the capacity to store or produce telephone numbers to be
15 called, using a random or sequential number generator[,] and to dial such numbers"
16 constituted "a bare legal conclusion which the court need not accept as true").

17      Where courts have found a complaint sufficient to plead a defendant's use of an
18 ATDS, the plaintiffs have alleged facts to support a reasonable inference to that effect.
19 See, e.g., id. (holding allegation that text messages were "formatted in SMS short code
20 licensed to defendants, scripted in an impersonal manner and sent en masse" was
21 sufficient to support "reasonable inference that the text messages were sent using an
22 ATDS"); Kramer v. Autobytel, Inc., 759 F. Supp. 2d 1165, 1171 (N.D. Cal. 2010) (holding
23 plaintiff sufficiently alleged defendant used an ATDS to send text messages to plaintiff,
24 where plaintiff, in addition to citing statutory definition of ATDS, alleged messages were
25 "from SMS short code 77893, a code registered to [defendant]," and were "advertisements
26 written in an impersonal manner").  Here, plaintiffs' complaint is devoid of any facts that
27 could support a reasonable inference that Shopkick used an ATDS to send the subject text
28 messages.

4

Accordingly, the complaint is subject to dismissal, and, absent a separate ground for dismissal as discussed below, the Court will afford plaintiffs leave to amend to cure the above-described deficiency.

**B. Necessary Party**

As noted, plaintiffs allege that Shopkick's "App directed a user's Apple or Android device to transmit the [t]ext [m]essages to [p]laintiffs." (See Compl. ¶ 19.) The complaint does not identify the user. Defendant states it conducted an investigation and determined the user was Arlyne Sorrells ("Sorrells"). In their opposition to the instant motion, plaintiffs state the subject user of the App was Sorrells (see Pls.' Opp. to Def.'s Mot. to Dismiss at 1:15-16, 12:7-8), and, indeed, in support of their opposition to a separate motion, have offered a declaration from Sorrells stating the circumstances under which, as she understands them, the subject text messages were sent to plaintiffs as a result of her use of the App (see Sorrells Decl., filed July 3, 2014).

Defendants argue Sorrells is a necessary party to the instant action and that, because plaintiffs have not named her as a party, the complaint should be dismissed. As discussed above, the complaint is subject to dismissal for failure to state a claim. Consequently, the Court next considers whether plaintiffs, by reason of having failed to name Sorrells, should be precluded from amending or, alternatively, required to add Sorrells in any amended complaint.

Pursuant to Rule 12(b)(7) of the Federal Rules of Civil Procedure, a defendant may seek dismissal of an action on account of a "failure to join a party under Rule 19." See Fed. R. Civ. P. 12(b)(7). Rule 19 provides, in relevant part, as follows:

> A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if
>
> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
>   (i) as a practical matter impair or impede the person's ability to protect the interest; or

>    (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of that interest.

Fed. R. Civ. P. 19(a)(1). "If a person has not been joined as required, the court must order that the person be made a party." Fed. R. Civ. P. 19(a)(2). "If a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." Fed. R. Civ. P. 19(b).

Here, Shopkick takes the position that if the text messages were sent to plaintiffs in violation of the TCPA, it was Sorrells who violated that act. Based on such assertion, Shopkick contends, Sorrells has an "interest in the controversy" (see Def.'s Mot. to Dismiss at 11:21), i.e., the question of whether the text messages received by plaintiffs were sent in violation of the TCPA. Specifically, Shopkick argues, if Sorrells is found to have violated the TCPA, persons to whom she sent text messages could sue her for violating the TCPA; additionally, Shopkick argues, if Shopkick were to be held liable for Sorrells' conduct, Shopkick could sue Sorrells for breaching the "Terms of Service" applicable to users of the App. (See id. at 12:1-12.)

As the Ninth Circuit has observed, "[w]here a party is aware of an action and chooses not to claim an interest, the district court does not err by holding that joinder was unnecessary." See Altmann v. Republic of Austria, 317 F.3d 954, 971 (9th Cir. 2002) (internal quotation and citation omitted). Here, Sorrells' declaration, in which she discusses her use of the App and the text messages plaintiffs received, demonstrates her awareness of the instant action and, even assuming, arguendo, she could claim an interest in the matter here at issue, she has not done so.

Accordingly, the Court finds Sorrells is not a necessary party.

## CONCLUSION

For the reasons stated above, Shopkick's motion is hereby GRANTED and the complaint is hereby DISMISSED, with leave to amend. Plaintiffs shall file their First Amended Complaint, if any, no later than August 8, 2014.

In light of the above, the Case Management Conference is hereby CONTINUED from August 29, 2014 to October 17, 2014.  A Joint Case Management Statement shall be filed no later than October 10, 2014.

**IT IS SO ORDERED.**

Dated:  July 24, 2014

MAXINE M. CHESNEY
United States District Judge