IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZAK HURICKS, et al.,<br><br>      Plaintiffs,<br><br>  v.<br><br>SHOPKICK, INC.,<br><br>      Defendant.<br>_____/ | No. C-14-2464 MMC<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS; DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION TO DISQUALIFY CLASS COUNSEL AND CLASS REPRESENTATIVES; VACATING HEARING** |

    Before the Court are two motions filed by defendant Shopkick, Inc. ("Shopkick"): (1) "Motion to Dismiss First Amended Complaint," filed August 25, 2014; and (2) "Motion to Disqualify Class Counsel and Class Representatives," filed August 25, 2014. Plaintiffs Zak Huricks and Trista Robinson have filed opposition to each motion; Shopkick has replied. Having read and considered the papers filed in support of and in opposition to the motions, the Court deems the matters suitable for determination on the parties' respective written submissions, VACATES the hearing scheduled for October 3, 2014, and rules as follows.

**A. Motion to Dismiss**

    Plaintiffs allege that "Shopkick and/or its authorized agents, vendors, and/or contractors" sent to their respective cellular telephones unconsented "[s]pam messages." (See First Amended Complaint ("FAC") ¶¶ 35, 40.) Specifically, plaintiffs allege they each received an identical text message, purportedly sent by a friend, which text message, in

addition to containing a "link to Shopkick's website," read as follows: "Hey, just gave you 50 bonus points on shopkick – a cool new app that rewards you for shopping. Check it out." (See FAC ¶¶ 23, 35-36, 38.) According to plaintiffs, such text messages were sent to them in violation of 47 U.S.C. § 227, which provides that it is unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system . . . to any telephone number assigned to a . . . cellular telephone service." See 47 U.S.C. § 227(b)(1)(A)(iii); Satterfield v. Simon & Schuster, Inc., 569 F.3d 946, 952 (9th Cir. 2009) (holding "a text message is a 'call' within the meaning of [§ 227]").

By order filed July 24, 2014, the Court dismissed the initial complaint, with leave to amend, for the reason that plaintiffs had failed to allege any facts to support a finding that the text messages they received were made using an automatic telephone dialing system ("ATDS"). Shopkick argues plaintiffs have failed to cure such deficiency in the FAC. As discussed below, the Court disagrees.

An ATDS is defined in § 227 as "equipment which has the capacity - - (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." See 47 U.S.C. § 227(a)(1). As district courts have observed, given the "difficulty a plaintiff faces in knowing the type of calling system used without the benefit of discovery, . . . courts can rely on details about the call to infer the use of an ATDS." See Hickey v. Voxernet LLC, 887 F. Supp. 2d 1125, 1129-30 (W.D. Wash. 2012) (internal quotation and citation omitted).

Here, although the FAC does not contain detailed facts regarding the telephone system allegedly used to send the above-referenced identical text messages, plaintiffs have alleged sufficient facts from which it can be inferred that said text messages were sent using an ATDS. In particular, plaintiffs allege that a "user" downloads Shopkick's "shopping application" (hereinafter "the App") (see FAC ¶¶ 18-19), that the App "uploads and stores" the user's cell phone contacts (see FAC ¶ 21), that Shopkick "commandeers the functionalities of the user's cell phone to cause it to formulate an automated . . . [s]pam

[message] and transmit it to those uploaded and stored contact cell phone numbers (see FAC ¶ 30; see also FAC ¶ 26), and that the system by which Shopkick accomplishes such result has the capacity to "randomly generate cell phone numbers to send Shopkick . . . [s]pam messages" and to "generate[ ] cell phone numbers to send . . . [s]pam using a program that constructs new cell phone numbers in sequence from previously generated cell phone numbers" (see FAC ¶ 32).  See, e.g., Pimental v. Google, Inc., 2012 WL 691784, at *2 (N.D. Cal. March 2, 2012) (denying motion to dismiss claim brought under § 227(b)(1)(A)(iii); finding allegation that text messages were sent "en masse, using one common cellular telephone number provided by [d]efendants," together with allegation that defendants "harvested phone numbers," was sufficient at pleading stage to "plausibly suggest[ ] the use of an ATDS").

Accordingly, the motion to dismiss will be denied.

**B.  Motion to Disqualify**

Plaintiffs seek to proceed on behalf of class of persons who were sent Shopkick's "[s]pam." (See FAC ¶ 41.)  Shopkick, pursuant to Rule 23(a)(4) of the Federal Rules of Civil Procedure, seeks an order disqualifying plaintiffs from acting as class representatives and disqualifying plaintiffs' counsel from acting as counsel for the putative class.

In its motion, Shopkick asserts that plaintiffs are personal friends of Arlyne Sorrells, a paralegal employed by putative class counsel and through whom the subject text messages were sent, and, consequently, that an actual or potential conflict of interest between the putative class and the named plaintiffs exists due to such relationships. Shopkick also argues that the initial complaint and the FAC both contain "false" information concerning the circumstances under which the text messages were sent to plaintiffs (see Def.'s Mot. to Disqualify at 10:4-7, 17:21), and that the lawsuit was "manufactured" by putative class counsel, who is assertedly the "driving force behind this lawsuit" (see id. at 15:7-8, 26).  In sum, Shopkick contends disqualification is appropriate because "there are simply too many unanswered questions about [p]laintiffs' connections to [Arlyne] Sorrells and [putative class counsel], [p]laintiffs' personal motives, their involvement in the genesis

of this lawsuit, and their credibility and candor." (See id. at 24:13-15.)

Plaintiffs, in addition to disagreeing with Shopkick's characterizations of the relationships between the parties and the circumstances under which they filed the instant action, argue that the issue of whether they and their chosen counsel can adequately represent the putative class is premature at the pleading stage. As discussed below, the Court agrees.

Rule 23 provides that "representative parties" may only bring suit on behalf of a class if, inter alia, they "will fairly and adequately protect the interests of the class." See Fed. R. Civ. P. 23(a)(4). At present, plaintiffs are proceeding with their individual claims only, and have not sought class certification. The issues Shopkick addresses in its motion have no bearing on plaintiffs' individual claims, and, indeed, where courts have considered the type of issue raised by Shopkick, such courts have considered it in the context of a motion for class certification. See, e.g., Susman v. Lincoln American Corp., 561 F.2d 86, 95 (7th Cir. 1977) (affirming order denying motion for class certification; finding lead plaintiffs, respectively, brother and tenant of putative class counsel, were not adequate class representatives given "likelihood of conflict" arising from close relationships between lead plaintiffs and counsel); Bodner v. Oreck Direct, LLC, 2007 WL 1223777, at *2 (N.D. Cal. April 25, 2007) (denying motion for class certification; finding lead plaintiff failed to meet "threshold typicality or adequacy requirements of Rule 23(a)," where it was "clear from the record that plaintiff's counsel, and not plaintiff, [was] the driving force behind [the] action").

Although Shopkick has cited several district court opinions in which an asserted failure to satisfy Rule 23(a)(4) was raised other than in response to a motion to certify, the cases on which Shopkick relies do not address such issue at the pleading stage. Rather, in those cases, the defendant sought relief in response to the lead plaintiff's having taken, or failed to take, certain action on behalf of the class during the course of the litigation. See Calvert v. Red Robin Int'l, 2012 WL 1668980, at *2-4 (N.D. Cal. May 11, 2012) (granting motion to disqualify plaintiff as class representative where motion was based on lead

4

plaintiff's testimony at evidentiary hearing on plaintiff's motion to compel classwide discovery; finding plaintiff's testimony established his "dishonesty"); In re Terayon Communications Systems, Inc., 2004 WL 413277, at *7-8 (N.D. Cal. February 23, 2004) (granting, in securities fraud case, motion to disqualify two lead plaintiffs who had engaged in "short selling," where motion was filed in response to motion for class certification filed by three other lead plaintiffs); Lyon v. Arizona, 80 F.R.D. 665, 667-69 (D. Ariz. 1978) (granting motion to dismiss class allegations where lead plaintiff had taken no steps to seek class certification during three years in which action was pending). Indeed, one such district court observed: "Normally, these issues would have been raised at the time the lead plaintiffs moved to be appointed as class representatives." See Terayon, 2004 WL 413277, at *7 (explaining "[p]laintiffs' counsel [had] circumvented this inquiry" by the manner in which they had framed their motion for appointment as class representatives).

Here, as noted, the case remains at the pleading stage, and nothing in the limited record presently before the Court indicates that any issue pertaining to the adequacy of the two named plaintiffs, or their chosen counsel of record, should be addressed other than in the ordinary manner, i.e., at the time plaintiffs move to certify a class and to be appointed as class representatives.

Accordingly, the motion to disqualify will be denied, without prejudice.

### CONCLUSION

For the reasons stated above, Shopkick's motion to dismiss and motion to disqualify are hereby DENIED.

**IT IS SO ORDERED.**

Dated: October 1, 2014

MAXINE M. CHESNEY
United States District Judge