John Du Wors, State Bar No. 233913
duwors@newmanlaw.com
NEWMAN DU WORS LLP
1201 Third Avenue, Suite 1600
Seattle, WA 98101
Telephone:    (206) 274-2800
Facsimile:    (206) 274-2801

Leeor Neta, State Bar No. 233454
leeor@newmanlaw.com
NEWMAN DU WORS LLP
1900 Powell Street, Sixth Floor
Emeryville, CA 94608
Telephone:    (415) 944-5422
Facsimile:    (415) 944-5423

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| ZAK HURICKS, an individual, and TRISTA ROBINSON, an individual, by themselves and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SHOPKICK, INC., a Delaware corporation,<br><br>Defendant. | No. 14-cv-02464-MMC<br><br>**JOINT CASE MANAGEMENT STATEMENT** |

1.    **Jurisdiction and Service**:

The Court has federal jurisdiction over the subject matter because Plaintiffs allege violations of federal law—namely, the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227, et seq.

No issues exist as to personal jurisdiction and venue. And all parties have been

1    properly served.

2        2.    **Facts:**

3        Defendant Shopkick operates a shopping application for mobile devices that helps

4    customers discover products for sale near their physical location (the "App"). The App

5    rewards customers with points for going to the store, scanning items, or making

6    purchases. These points can be redeemed for gift cards at participating retailers and other

7    rewards.

8        Plaintiffs allege that when a user downloads the App, she is offered the option of

9    linking the App with her Facebook or Google account. If the user links the App, according

10    to the Plaintiffs, the App requests permission to access the user's contacts. The App

11    offers the user to earn 2,000 points for every three friends that join. Plaintiffs claim that if

12    the user pursues the 2,000 points, the App sends a text message (the "Text Message") to

13    the user's contacts. The Text Message states: "Hey, just gave you 50 bonus points on

14    shopkick – a cool new app that rewards you for shopping. Check it out." The Text

15    Message also provides a link to Shopkick's website. Plaintiffs assert that the App directs

16    the user's device to send the Text Message so that the Text Message appears to be from

17    the App user. Shopkick disputes Plaintiffs' allegations regarding how the App and

18    Shopkick's systems function.

19        Plaintiffs contend that without consenting to receive text messages or any calls

20    from Shopkick, Shopkick sent each of them the Text Message. Shopkick contends that

21    the text messages were sent by Plaintiffs' friend. Plaintiffs allege—and Defendant

22    contests—that Shopkick transmitted the Text Message using an automatic dialing system

23    (ATDS) as defined by 47 U.S.C. § 277(a)(1) or an artificial or prerecorded message to

24    contact numbers assigned to paging services, cellular telephone services, specialized

25    mobile radio services, and/or radio common carrier services, and/or services for which

26    the called party is charged for the call.

27        3.    **Legal Issues**:

28        Plaintiffs allege that Shopkick violated the TCPA by negligently or willfully

1   transmitting unsolicited text messages to Plaintiffs using an ATDS or prerecorded

2   message. That same conduct, according to Plaintiffs, also constitutes an unlawful business

3   practice under Cal. Bus. & Prof. Code § 17200 et seq.  Shopkick disputes that it violated

4   the TCPA or any other law.

5       4.    **Motions**:

6       Plaintiffs anticipate filing a motion for class certification and possibly discovery

7   motions should they be necessary.

8       Defendant anticipates filing a motion for decertification, motions for summary

9   judgment, and possibly discovery motions should they be necessary.

10      5.    **Amendment of Pleadings**:

11      At this time, the parties do not anticipate amending the pleadings.

12      6.    **Evidence Preservation**:

13      The parties have reviewed the Guidelines Relating to the Discovery of

14  Electronically Stored Information. The parties have also met and conferred under Fed. R.

15  Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence. At

16  this time, the parties do not anticipate any issues with the preservation of evidence.

17      7.    **Disclosures**:

18      Initial disclosures are due on October 10, 2014. The parties will fully and timely

19  comply with that deadline along with the requirements of Fed. R. Civ. P. 26.

20      8.    **Discovery**:

21      Plaintiffs anticipate conducting the following discovery: written discovery

22  requests; depositions; and examination of Defendants' software applications and

23  corresponding hardware.

24      Defendant anticipates conducting the following discovery: written discovery,

25  third-party subpoenas, and depositions related to class-certification issues, including the

26  manner in which the text messages at issue were sent and received.  If a class is certified,

27  additional written discovery, third-party discovery, and depositions may be necessary

28  with respect to the merits of Plaintiffs' claims.

1    If the Court is amenable, the parties will propose a discovery plan once—and if—a

2    class is certified.

3        The parties have not discussed a stipulated e-discovery order.

4        9.    **Class Actions**:

5        Plaintiffs will make a motion to certify the class within 180 days of filing this

6    statement.

7        10.   **Related Cases:**

8        There are no pending cases or proceedings related to this matter.

9        11. **Relief:**

10       Plaintiffs seek, for themselves and each National Class member (as defined below),

11   between $500 and $1,500 in statutory damages for violations of 47 U.S.C. § 227.

12       Plaintiffs also seek injunctive relief prohibiting future violations of 47 U.S.C. § 227.

13       12.   **Settlement and ADR**:

14       The parties believe ADR efforts and settlement discussions are premature at this

15   time.

16       13.   **Consent to Magistrate Judge For All Purposes**:

17       The parties do not consent to have a magistrate judge conduct all further

18   proceedings, including trial and entry of judgment.

19       14.   **Other References**:

20       The parties believe it is premature to determine whether this case is suitable for

21   binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

22       15.   **Narrowing of Issues**:

23       The parties believe that it is premature to determine if the issues may be narrowed

24   by agreement or by motion. It is also too early to suggest ways to expedite the

25   presentation of evidence at trial or request bifurcation of issues, claims, or defenses.

26       16.   **Expedited Trial Procedure**:

27       The parties believe that it is premature to determine whether this matter can be

28   handled under the Expedited Trial Procedure of General Order No. 64 Attachment A.

1    17.    **Scheduling**:

2    The parties will propose a trial schedule once—and if—a class is certified.

3    18.    **Trial**:

4    This case will be tried to a jury. The parties expect the trial to last 15 court days.

5    19.    **Disclosure of Non-party Interested Entities or Persons**:

6    Plaintiffs are unaware of any interested entities or persons with either a financial

7    interest in the subject matter in controversy or in a party to the proceeding; or any other

8    kind of interest that could be substantially affected by the outcome of the proceeding.

9    Shopkick contends that Plaintiffs' friend, Arlyne Sorrells, sent the text messages at

10   issue and that, if Shopkick is liable under the TCPA, Ms. Sorrells is also necessarily liable.

11   Shopkick filed a motion to dismiss this case for failure to join Ms. Sorrells as a necessary

12   party, which the Court denied.  Shopkick continues to believe and asserts that Ms.

13   Sorrells is a necessary party to this action, and Shopkick preserves that issue for appeal.

14   20.    **Professional Conduct**:

15   All attorneys of record for the parties have reviewed the Guidelines for

16   Professional Conduct for the Northern District of California.

17   21.    **Case Management Statement in Class Action Submitted by Plaintiff**:

18   **a.   Specific paragraphs of Fed. R. Civ. P. 23 under which the action is**

19   **maintainable as a class action:**

20   Plaintiffs assert that the prerequisites of class certification are satisfied. And Plaintiffs

21   contend that the class may be maintained under Fed. R. Civ. P. 23 (b)(1), (b)(2), and/or

22   (c)(4). Those particular sections provide:

23   • Prosecuting separate actions by or against individual class members would

24   create a risk of: inconsistent or varying adjudications with respect to individual

25   class members that would establish incompatible standards of conduct for the

26   party opposing the class; or adjudications with respect to individual class

27   members that, as a practical matter, would be dispositive of the interests of the

28   other members not parties to the individual adjudications or would

substantially impair or impede their ability to protect their interests. FRCP
23(b)(1).

- The party opposing the class has acted or refused to act on grounds that apply
  generally to the class, so that final injunctive relief or corresponding declaratory
  relief is appropriate respecting the class as a whole. FRCP 23(b)(2).
- When appropriate, an action may be brought or maintained as a class action
  with respect to particular issues. FRCP 23(c)(4).

**b. Description of the class or classes in whose behalf the action is brought:**

Plaintiffs define the classes as comprised of:

- All persons who received an unsolicited telephonic communication to their cellular
  telephones as a result of Defendant's actions without receiving prior consent (the
  "National Class"); or
- All persons who reside in California and who received an unsolicited telephonic
  communication to their cellular telephones as a result of Defendant's actions
  without receiving prior consent (the "California class").

Excluded from both the National Class and the California Class (collectively, the
"Classes") are: (a) Shopkick and any entity in which Shopkick has a controlling interest
or which has a controlling interest in Shopkick; (b) Shopkick's employees, agents,
predecessors, successors, or assigns; (c) Plaintiffs' attorneys and any member of
Plaintiffs' attorneys' immediate families; (d) the judge and staff to whom this case is
assigned, and any member of the judge's immediate family; (e) all persons who make a
timely election to be excluded from the proposed class; and (f) governmental entities.

**c. Facts showing that the party is entitled to maintain the action under Fed. R.
Civ. P. 23(a) and (b):**

The action may be properly maintained as a class action under CR 23 for the following
reasons:

a. The Classes are ascertainable and there is a well-defined community of interest
among the members of the National Class and the California Class because all

1    members received a text message sent by Shopkick through the App without giving

2    prior consent.

3    b.  On information and belief, Plaintiffs contend that there are a minimum of 100

4    members of the National Class residing in each state within the United States. On

5    information and belief, Plaintiffs contend that there are a minimum of 100

6    members of the California Class residing in each county within the state of

7    California. Membership in both the Classes is so numerous and geographically

8    dispersed as to make it impractical to bring all members of the Classes before the

9    Court because the identity and exact number of members of the Classes are

10   currently unknown but, according to Plaintiffs' estimate, well in excess of 5,000.

11   c.  According to Plaintiff, Plaintiffs' claims are typical of those of other members of

12   the Classes, all of whom Plaintiffs allege to have suffered harm due to Shopkick's

13   course of conduct.

14   d.  Plaintiffs are members of the Classes because they received a text message sent by

15   Shopkick through the App without giving prior consent.

16   e.  There are numerous and substantial questions of law and fact common to all

17   members of the Classes that control this litigation and predominate over any

18   individual questions pursuant to FRCP 23(b)(3). The common issues include, but

19   are not limited to, the following:

20       a.  Whether, within the four years prior to the filing of the Complaint,

21       Shopkick or its agents initiated any telephonic communications (other than

22       a message made for emergency purposes or made with the prior express

23       consent of the called party) to a National Class and California Class

24       member using any automatic dialing and/or pre-recorded voice to any

25       telephone number assigned to a cellular phone service;

26       b.  Whether Plaintiffs and the National Class and California Class members

27       were damaged thereby, and to the extent of damages of such violation; and

28       c.  Whether Shopkick and its agents should be enjoined from engaging in such

1  conduct in the future.

2  f.  There and other questions of law and facts are common to the members of the

3     Classes and predominate over any individual questions affecting the Classes.

4  g.  Plaintiffs contend that they will fairly and adequately protect the interests of the

5     Classes because they have no interests that are antagonistic to other members of

6     the Classes and have retained counsel competent in the prosecution of class

7     actions to represent them and the Classes.

8  h.  Without a class action lawsuit, the Classes' members will continue to suffer

9     damage, Shopkick's violations of the law or laws will continue without remedy,

10    and Shopkick will continue to enjoy the fruits and proceeds of its unlawful

11    conduct.

12 i.  Given (1) the substantive complexity of this litigation; (2) the size of individual

13    Classes' members' claims; and (3) the limited resources of the Classes' members,

14    few, if any, National Class or California Class members could afford to seek legal

15    redress individually for the wrongs Shopkick has committed against them.

16 j.  This action will foster an orderly and expeditious administration of the Classes'

17    claims, will economize time, effort and expense, and will result in uniformity of

18    decision because all matters will be resolved at one time with a minimum of legal

19    fees and judicial resources.

20 k.  This action presents no difficulty that would impede the Court's management of it

21    as a class action, and a class action is the best and/or the only available means by

22    which members of the Classes can seek legal redress for the harm caused by

23    Shopkick.

24 The various claims asserted in this action are additionally or alternatively certifiable

25 under the provisions of FRCP 23(b)(1) or 23(b)(2) because:

26 a.  The prosecution of separate actions by hundreds of individual National Class and

27    California Class members would create a risk of inconsistent or varying

28    adjudications with respect to individual National Class and California Class

1    members, thus establishing incompatible standards of conduct for Shopkick;

2    b.   The prosecution of separate actions by individual National Class and California

3         Class members would also create the risk of adjudications with respect to them

4         that would, as a practical matter, be dispositive of the interests of the other

5         National Class and California Class members who are not a party to such

6         adjudications and would substantially impair or impede the ability of such non-

7         party National Class and California Class members to protect their interests; and

8    c.   Shopkick has acted or refused to act on grounds generally applicable to the entire

9         National Class and California Class, thereby making appropriate final declaratory

10        and injunctive relief with respect to the National Class and California Class as a

11        whole. The claims brought by Plaintiffs and the other members of the Classes all

12        arise from substantially similar sets of facts and from Shopkick's identical course

13        of conduct.

14        Shopkick does not agree with or adopt any of Plaintiffs' assertions regarding class

15   certification.

16   **d.   Proposed date for the Court to consider whether the case can be maintained as**

17   **a class action:**

18   Plaintiffs will move for class certification within 180 days of filing this statement.

19        22:   **Other**:

20        At this point in the litigation, the parties have not ascertained any matters that may

21   facilitate the just, speedy, and inexpensive deposition of this matter.

22

23        DATED October 10, 2014.

24

25                                 **NEWMAN DU WORS LLP**

26

27                          By:    /s/ John Du Wors_____
                                   Leeor Neta, State Bar No. 233454
28                                 John Du Wors, State Bar No. 233913

JOINT CASE MANAGEMENT STATEMENT

Attorneys for Plaintiffs

**FENWICK AND WEST LLP**

By:    /s/ Brian Buckley
        Brian David Buckley (*pro hac vice*)

Attorneys for Defendant

JOINT CASE MANAGEMENT STATEMENT