1  RODGER R. COLE (CSB No. 178865)
   rcole@fenwick.com
2  SEAN S. WIKNER (CSB No. 268319)
   swikner@fenwick.com
3  FENWICK & WEST LLP
   Silicon Valley Center
4  801 California Street
   Mountain View, CA  94041
5  Telephone:    650.988.8500
   Facsimile:    650.938.5200
6
   BRIAN D. BUCKLEY
7  (admitted *pro hac vice*)
   bbuckley@fenwick.com
8  FENWICK & WEST LLP
   1191 Second Avenue, 10th Floor
9  Seattle, WA 98101
   Telephone:    206.389.4510
10 Facsimile:    206.389.4511

11 Attorneys for Defendant
   SHOPKICK, INC.

13              UNITED STATES DISTRICT COURT

14              NORTHERN DISTRICT OF CALIFORNIA

15              SAN FRANCISCO DIVISION

17 ZAK HURICKS, an individual, and TRISTA ROBINSON, an individual, by themselves and on behalf of all others similarly situated,

   Plaintiffs,

   v.

   SHOPKICK, INC., a Delaware corporation,

   Defendant.

Case No.: 3:14-CV-02464-MMC

**DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION FOR RELIEF PURSUANT TO FRCP 56(d)**

Date:       July 17, 2015
Time:       9:00 a.m.
Dept:       Courtroom 7, 19th Floor
Judge:      The Hon. Maxine M. Chesney

Date Action Filed:  May 28, 2014

## I. INTRODUCTION

Plaintiffs ask this Court to delay ruling on Defendants' Motion for Summary Judgment so that Plaintiffs can obtain and review a single piece of evidence: graphical user interfaces (GUIs) of the shopkick app's source code (*i.e.*, the screens a user sees when using the app). Relief under Rule 56(d) is inappropriate both because the GUIs sought have no bearing whatsoever on any of the dispositive issues in shopkick's motion, and because Plaintiffs now have all the GUIs that they seek. Those GUIs were all produced to Plaintiffs on June 5, 2015.

Moreover, Plaintiffs failed to satisfy Rule 56(d)'s requirement of submitting a declaration or affidavit regarding Plaintiffs' inability to obtain the evidence necessary to oppose shopkick's summary judgment motion. Because Plaintiffs have failed to identify any piece of evidence that is necessary for their opposition to shopkick's motion, and because Plaintiffs already possess the evidence they seek, Plaintiffs' incomplete Motion for Rule 56(d) relief must be denied.

## II. STANDARDS

Rule 56(d) provides that "[i]f a non-movant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to its opposition, the court may" defer consideration of the summary judgment motion or allow additional time for discovery. Fed. R. Civ. P. 56(d). To prevail on a Rule 56(d) motion, "[t]he requesting party must show: (1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought after facts are essential to oppose summary judgment." *Family Home and Fin. Cntr., Inc. v. Fed. Home Loan Mortg. Co.*, 525 F.3d 822, 827 (9th Cir. 2008). The proponent of a Rule 56(d) motion must not only make clear what information is sought, but "how it would preclude summary judgment." *Nicholas v. Wallenstein*, 266 F.3d 1083, 1088-89 (9th Cir. 2001). "Failure to comply with the requirements of Rule 56(d) is a proper ground for denying relief." *Slama v. City of Madera*, Case. No. 1:08-cv-810 AWIGSA, 2012 WL 1067198, at*2 (E.D. Cal. March 28, 2012). A district court's decision not to allow further discovery pursuant to Rule 56(d) is reviewed for an abuse of discretion. *U.S. Cellular Inv. Co. of Los Angeles v. GTE Mobilnet, Inc.*, 281 F.3d 929, 934 (9th Cir.2002).

# III. ANALYSIS

Plaintiffs' Rule 56(d) motion should be denied for three independent reasons. <u>First</u>, Plaintiffs failed to comply with the basic procedural requirements of Rule 56(d) and support their motion with appropriate affidavits. <u>Second</u>, the evidence Plaintiffs are seeking is irrelevant to shopkick's summary judgment motion, as it concerns a point on which there is no material factual dispute. <u>Third</u>, shopkick has now produced all the GUIs Plaintiffs requested, precluding any possible need to delay consideration of shopkick's motion.

### A. <u>Plaintiffs Have Not Established The Need For Discovery Through Affidavits, as Rule 56(d) Requires.</u>

Both the text of Rule 56(d) and Ninth Circuit case law interpreting the rule make clear that any request for relief under Rule 56(d) must be supported by an affidavit establishing the inability of the moving party to obtain necessary discovery. *See* Fed. R. Civ. P. 56(d) (stating that court may defer ruling on motion "[i]f a nonmovant shows by *affidavit or declaration* that, for specified reasons, it cannot present facts essential to justify its opposition") (emphasis added); *see also State of Cal. v. Campbell*, 138 F.3d 772, 779 (9th Cir. 1998) (noting that the rule "requires litigants to submit affidavits setting forth the particular facts expected from further discovery.").[1] Ninth Circuit law is also clear that "[r]eferences in memoranda and declarations to a need for discovery do not qualify" to satisfy this requirement. *Campbell*, 138 F.3d at 779.

Plaintiffs have not supported their motion with any declarations or affidavits. Instead, Plaintiffs rely exclusively on statements made in their three-page memorandum of points and authorities. *See* Dkt. No. 78. That memorandum does not explain what specific facts Plaintiffs expect the GUIs to reveal or, more importantly, why such facts are "essential" to Plaintiffs' opposition to shopkick's motion. But even if the memorandum did include such explanations, it cannot satisfy Rule 56(d) without a supporting affidavit. *Campbell*, 138 F.3d at 779. This fact

---

[1] Although *Campbell* and some other cases refer to Rule 56(f), Rule 56(d) was previously numbered as Rule 56(f) and was carried forward in the new numbering without any substantive change. *See Martinez v. Columbia Sportswear Co.*, 553 Fed. Appx. 760, 761 n.1 (9th Cir. 2014) (observing that Rule 56(d) is functionally the same as former Rule 56(f)).

alone defeats Plaintiffs' request for delay, because "failure to comply with the requirements" of the rule "is a proper ground for denying discovery and proceeding to summary judgment." *Id.* (internal punctuation omitted).

### B. Plaintiffs Do Not Need The Requested GUIs To Oppose Summary Judgment.

The party seeking relief under Rule 56(d) bears "the burden of setting out what further discovery would reveal that is essential to justify their opposition." *Nicholas v. Wallenstein*, 266 F.3d 1083, 1088 (9th Cir. 2001) (internal citation, punctuation omitted). To satisfy this burden, the movant must demonstrate that specific evidence is *necessary* to oppose a motion; the fact that additional discovery might be *helpful* does not suffice. *See Slama*, 2012 WL 1067198, at *2 (denying Rule 56(d) motion where plaintiff had "simply shown that additional discovery would be helpful in bolstering his claim"). Plaintiffs contend that the GUIs sought are necessary to oppose summary judgment because "[t]he shopkick user's experience, as dictated by the GUI's, determines the degree of human intervention in sending the text messages at issue in this case. The GUI's dictate how many steps the user must take to send the text message." Motion at 2-3. But Plaintiffs have made no effort to explain how the GUIs could possibly preclude summary judgment. Nor could they, as specific details regarding how users interact with the shopkick app are not necessary or even relevant to Plaintiffs' opposition.

#### 1. Assuming The Court Applies The statutory Definition Of An "ATDS," Then The Level Of "Human Intervention" Is Irrelevant.

As explained in shopkick's summary judgment motion and reply brief, the TCPA defines an ATDS as "equipment which has the capacity (A) to store or produce numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." *See* Dkt. No. 69 at 7 (citing 47 U.S.C. 227(a)(1)). Plaintiffs have conceded that shopkick's systems do not have that capacity. And Plaintiffs make no claim that the GUIs for the shopkick app have any bearing at all on whether shopkick's system have the statutorily required capacity.

Rather, Plaintiffs claim that the GUIs are relevant to how much "human intervention" is required for a user to send text message invitations to her friends through the shopkick app. But "human intervention" is not relevant under the TCPA definition of an ATDS. It is only

relevant if the Court accepts the alternative, non-statutory definition of an ATDS purportedly espoused by the FCC, referred to as a "predictive dialer," which is any equipment with the "capacity to generate numbers and dial them without human intervention regardless of whether the numbers called are randomly or sequentially generated." *See* 27 F.C.C.R. at 15392, n. 5.  For the reasons explained in shopkick's motion and reply, the Court should reject this definition of an ATDS, which directly contradicts the statutory text and plainly exceeds the FCC's authority. *See* Reply In Support of Motion for Summary Judgment (Dkt. No. 79) at 6-8.  If the Court rejects the contradictory ATDS definition invoked by the FCC, the relevance of "human intervention" falls entirely away.

### 2. There Is No Material Dispute That The Shopkick App Requires Significant "Human Intervention."

Even if the Court were to accept a non-statutory definition of an ATDS, the GUIs for the shopkick app still are not "essential" to Plaintiffs' opposition to shopkick's summary judgment motion.  There is no material dispute that the app requires substantial human intervention by a shopkick user before she is able to send text message invitations to her friends.

Shopkick's Director of Technology, Steven Stanek, submitted a declaration describing the steps a user must take in the shopkick app in order to send invitation text messages to her friends and contacts, and explaining the fact that those texts are sent from the user's phone (*not* shopkick's servers).  *See* Dec. of Steven Stanek in Support of Defendant's Motion for Summary Judgment (Dkt. 69-1).  More to the point, Mr. Stanek attached screenshots (*i.e.*, the GUI) for the shopkick app as it appeared on May 1, 2014, the date on which shopkick user Arlyne Sorrells sent the text messages at issue in this lawsuit.  *Id*., Ex. A (a copy of which was also attached to shopkick's reply brief).  That version of the app is the only one that is relevant to shopkick's motion because unless and until their own claims survive summary judgment, Plaintiffs cannot represent a class.  *McKenna v. WhisperText*, No. 5:14–cv–00424–PSG, 2015 WL 428728, at *4 (N.D. Cal. Jan. 30, 2105) ("[T]his putative [TCPA] class action cannot proceed unless McKenna himself has a viable individual claim for relief.").

In short, the only GUI that is conceivably relevant to shopkick's motion is already in the record. Other versions of the GUI for the shopkick app cannot have any bearing on the viability of Plaintiffs' claims. For that reason alone, Plaintiffs' Rule 56(d) request must be denied.

Plaintiffs' request for Rule 56(d) relief is premised on the assertion that the GUIs for the shopkick app "dictate how many steps the user must take to send the text message." Motion at 3. But there is no dispute that multiple deliberate steps are required. In fact, after seeking out and downloading the shopkick app, the record shows that Ms. Sorrells was required to execute at least *five* separate affirmative steps before she could have pressed the "Invite friends" button a final time to invite her friends (through her own phone) to try shopkick. *See* Stanek Dec., ¶¶ 6-8, Ex. A. Plaintiffs do not dispute that fact; instead, they have submitted two declarations from Ms. Sorrells herself <u>confirming</u> her substantial involvement in the process of sending text messages. *See* Dkt. Nos. 25, 74. Ms. Sorrells claims to have been "confused" about the effects of some of her actions, and whether they would result in messages being sent only to her Facebook friends as opposed to all of her contacts, but she does not dispute actively taking steps through the shopkick app in order to send invitations and earn rewards. Dkt. No. 25 ¶ 4 (admitting that she deliberately proceeded through the app invitation flow "so that I could earn the extra kicks").

Even if later versions of the shopkick app, after May 1, 2014, were somehow relevant to shopkick's summary judgment motion, the additional GUIs for the app have no relevance at all. There is no dispute that Ms. Sorrells took multiple affirmative steps in the shopkick app in order to send invitations from her phone. Whether those actions constitute "human intervention," sufficient to defeat Plaintiffs' assertion that the app is a "predictive dialer," should not hinge on whether she took five separate steps, as opposed to four or six. Thus, even if, as Plaintiffs claim, the GUIs establish the number of steps required, that does not render those GUIs "essential" to Plaintiffs' opposition to shopkick's motion. At most, that evidence might be informative or interesting, which is not sufficient. *Slama*, 2012 WL 1067198, at *2.

### C.   **The GUIs Have Been Produced.**

Notwithstanding that the GUIs are irrelevant and not "essential" to shopkick's summary judgment motion or Plaintiffs' opposition, in order to obviate the dispute on this point shopkick

1  opted to produce the GUIs.  On June 5, 2015, shopkick produced to Plaintiffs' counsel all
2  historical GUIs for the shopkick app.  *See* Declaration of Brian D. Buckley filed in support of
3  this brief.  Those GUIs comprise over 16 gigabytes of data (which is a lot).  That production does
4  nothing to change the fact that versions of the shopkick app GUI other than the one already in the
5  record before the Court (*i.e.*, the May 1, 2014 version) have absolutely no bearing on Plaintiffs'
6  opposition to the motion.

## IV. CONCLUSION

Plaintiffs' Rule 56(d) motion is merely a final tactic to delay the Court's ruling on shopkick's summary judgment motion.  Shopkick respectfully urges the Court to resist that tactic.  Plaintiffs' motion is procedurally and substantively flawed and should be denied.

Dated:  June 10, 2015                    FENWICK & WEST LLP

*/s/  Brian D. Buckley*
BRIAN D. BUCKLEY
(admitted *pro hac vice*)
bbuckley@fenwick.com
FENWICK & WEST LLP
1191 Second Avenue, 10th Floor
Seattle, WA 98101
Telephone: (206) 389-4510
Facsimile: (206) 389-4511

RODGER R. COLE (CSB No. 178865)
rcole@fenwick.com
SEAN S. WIKNER (CSB No. 268319)
swikner@fenwick.com
FENWICK & WEST LLP
Silicon Valley Center
801 California Street
Mountain View, CA  94041
Telephone:  650.988.8500
Facsimile:  650.938.5200

Attorneys for Defendant|
SHOPKICK, INC.